Opinion of the court delivered by
Judge Whyte.
The defendant in error, who was the plaintiff below, brought his suit against the plaintiff in error, in debt, and declared upon a promissory note, made and fexecuted by the plaintiff in error, on the 13th day of April, 1826, wherein and whereby, he promised to pay to the said plaintiff in error, two years after the date thereof, one hundred and fifty dollars.
The writ was issued on the 9th day of April, 1828, bearing teste the 1st Monday in March, 1828; the prosecution bond bears date the 9th day of April, 1828; the writ came to the sheriff’s hands the same day, and was also, on the same day executed on the defendant, the now plaintiff in error.
To this action, which was brought in the circuit court, the defendant there put in a plea, on which issue was joined. The jury found the issue in favor of the plaintiff, and that the defendant is indebted to him in the sum of $150, and assessed his damage to $7 50, for the detention of the debt. The circuit court rendered judgment in favor of the plaintiff, pursuant to the verdict. The defendant moved the court to set aside the verdict and judgment rendered in the cause, which motion "was overruled and an exception taken, and bill of exceptions signed, &c. and an appeal in error taken to this court. The error assigned is, that the suit was commenced before the debt declared for, became due.
Although the defendant in error appears upon this record to have a just claim against the plaintiff in error, of which indeed there can be no doubt, after the verdict of the jury and the judgment of the court rendered thereon in the cause; yet thejust rights of every man must be administered to him according to the laws of the land. *480 It seems to be a small matter for which a judgment is to revcrsec¡5 [n a rightful and honest cause, that the suit is brought two or three days too soon, especially in a case where a credit of two years was given, and the debtor has had almost the'entire benefit of it. But suppose in the above case, the suit, instead of being brought a few days before the expiration of the two years, had been brought a few days after the note was given, the case would have a very different aspect. To sustain such a verdict and judgment, would appear at once a glaring injustice. This court has no power to sustain the one or the other of these extremes, or any intermediate case between them. Its province is to enforce and execute the contracts of men, not to make contracts for them,
F. B. Fogg, for plaintiff in error.
Cook and Thompson, for defendant in error.
The assignment of error in the present case, is good, and must prevail. The authorities cited by the counsel sufficiently support it. The case of Venables vs Doffee, in Carth, 114, shews, that it is good in arrest of judgment ; and the cases of Rush vs. Tany, in 4 Mod. Rep. 367; of Ward vs. Honeywood, in Douglass 61, 63, show that it is error sufficient to reverse.
The judgment of the circuit court must therefore be reversed, and the judgment set aside, and the plaintiff in error recover his costs and go hence without day.
Judgment reversed.